# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNAMAY HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:16-CV-03223-DGK |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Annamay Hernandez petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including plantar fasciitis, history of carpal tunnel syndrome status post-surgery, osteoarthritis of the hands, obesity, major depressive disorder, and post-traumatic stress disorder ("PTSD"), but retained the residual functional capacity ("RFC") to perform work as a small products assembler, marker, or cashier.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending application on June 4, 2013, alleging a disability onset date of May 5, 2012. The Commissioner denied the application at the initial claim level, and Plaintiff

appealed the denial to an ALJ. On August 27, 2014, the ALJ held a hearing and on February 26, 2015, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 13, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ erred by: (1) assessing greater mental limitations than those opined by two consulting doctors; (2) failing to classify her migraines as a severe impairment; and (3) discounting her credibility. These arguments are without merit.

### I. The ALJ did not err in assessing greater mental limitations than those opined by Plaintiff's consulting doctors.

First, Plaintiff avers the ALJ erred by assessing greater mental limitations than those opined by her consulting doctors, and the ALJ's opinion is unclear as to the basis for these limitations. This argument is unavailing.

Substantial evidence on the record supports the ALJ's RFC finding with regard to Plaintiff's mental limitations. For example, the ALJ gave substantial weight to Plaintiff's consulting physicians Dr. Skolnick and Dr. Frederick, but afforded Plaintiff "the benefit of the doubt to the extent permissible by the objective evidence of record" and "included greater limitations than those suggested" by Plaintiff's consulting physicians. R. at 26-27. Both Dr. Skolnick and Dr. Frederick opined Plaintiff's mental impairments were non-severe. R. at 109; 582-83; 589 (noting Plaintiff "appears to have intact capacity to interact effectively in complex work situations [and] adapt to changes in complex work situations," is "able to concentrate, persist, and keep pace on complex tasks," and is "able to understand, remember, and carry out complex instructions"). However, after a discussion of the mental status examinations of Plaintiff's treating physician, Dr. Olomon,[2] the ALJ incorporated *greater* mental limitations in

---

to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] The ALJ rejected Dr. Olomon's assessments asserting mental abnormalities because they "appear[ed] to be copied and pasted from one visit to the next," were "not consistent with the contemporaneous narrative statements," and

Plaintiff's RFC, including the inability to sustain a high level of concentration and a requirement that Plaintiff avoid high stress work. R. at 24.

Even if the Court were to find these mental limitations lacked evidentiary support, there is no indication the ALJ would have decided differently absent this error. It is even *less* likely the ALJ would have found Plaintiff disabled absent these mental limitations. Thus, any such error would be harmless, and Plaintiff's argument is rejected. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred.").

## II. The ALJ did not err in failing to classify Plaintiff's migraines as a severe impairment.

Next, Plaintiff alleges the ALJ erred in failing to classify her migraines as a severe impairment at Step Two of the proceedings.

At Step Two of the sequential evaluation process, the ALJ determines whether the claimant has a severe impairment or combination of impairments that lasted or is expected to last for at least twelve months. 20 C.F.R. § 416.920(a)(4)(ii). A medically determinable impairment is "severe" if it more than minimally affects the claimant's ability to perform basic work activities. The impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques . . . and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms . . . ." *Martise v. Astrue,* 641 F.3d 909, 923 (8th Cir. 2011). A medically determinable mental impairment is not severe if

---

claimant "consistently reported that her medications work well when she takes them as prescribed." R. at 26. These are adequate reasons for rejecting a treating physician's assessment. *See Hill v. Colvin*, 753 F.3d 798, 800-01 (8th Cir. 2014) (finding ALJ properly relied on treatment history, including claimant's improvement with medication, when determining claimant's RFC); *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011) ("An ALJ may justifiably discount a treating physician's opinion when that opinion is inconsistent with the physician's clinical treatment notes" or when the physician's "opinions are inconsistent or contrary to the medical evidence as a whole.").

4

it results in no episodes of decompensation and no more than mild limitations in the areas of maintaining concentration, persistence and pace; social functioning; and activities of daily living. 20 C.F.R. § 416.920a(d)(1). Although severity is not an onerous requirement, it is also not a toothless standard. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007). The claimant bears the burden of establishing that his impairment is severe. *Id.* at 507.

In his decision, the ALJ noted the record "reflect[ed] that the claimant's headaches have been controlled with medication," "claimant has not required aggressive treatment for migraines," and "has not had frequent visits to the emergency room for her headaches." R. at 21. He also noted the opinion of Plaintiff's neurologist—that she would be absent from work for approximately one hour five times per month—appeared "to rely heavily on the claimant's self-reported symptoms," and was "inconsistent with [her] own treatment notes." R. at 21. The ALJ concluded that nothing in the objective evidence of record indicated that Plaintiff was ever observed to have a migraine, and the ALJ did not consider it to be a severe impairment.

Substantial evidence on the record supports this finding. As an initial matter, the Court notes Plaintiff did not allege disability on the basis of migraines. R. at 176. This is significant. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) ("The fact that [plaintiff] did not allege depression in her application for disability benefits is significant, even if the evidence of depression was later developed."). Plaintiff also took medication for her migraines, which helped alleviate her symptoms, R. at 263 ("Topamax is for migraines, which helps."); 443 ("Are migraines generally controlled with medication?" "Yes."); 450 (noting Plaintiff's migraines were "[c]ontrolled well" and advising Plaintiff to "[co]ntinue Topamax and Trazadone."), a factor that weighs against finding her migraines were a severe impairment. *McNish v. Colvin*, No. 6:13-3096-DGK-SSA, 2014 WL 294182, at *2 (W.D. Mo. Jan. 27, 2014) (holding efficacy of

5

medication in treating depression weighed against finding that depression was a severe limitation). Finally, the ALJ properly discounted the opinion of Plaintiff's neurologist, Dr. Ling Li, M.D. ("Dr. Li"), because it conflicted with her treatment notes. For example, Dr. Li's treatment notes indicated Plaintiff's migraines were "[c]ontrolled well" and suggested Plaintiff "[co]ntinue Topamax and Trazadone." R. at 450.[3] *See Martise*, 641 F.3d at 925 ("An ALJ may justifiably discount a treating physician's opinion when that opinion is inconsistent with the physician's clinical treatment notes" or when the physician's "opinions are inconsistent or contrary to the medical evidence as a whole.").

Accordingly, the Court finds the ALJ did not err in holding Plaintiff's migraines did not impose any significant limitations on her ability to perform basic work activities.

### III. Plaintiff fails to impeach the ALJ's credibility determination.

Finally, Plaintiff argues the ALJ erred in discounting her subjective complaints of debilitating pain in her feet and hands.

In judging the credibility of a claimant's subjective complaints of pain, an ALJ must examine several factors: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the dosage, effectiveness and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions (the "*Polaski* factors"). *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Other relevant factors include the claimant's past relevant work history and the absence of objective medical evidence in support of the complaints. *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). The ALJ need not explicitly discuss each factor. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996).

Here, the ALJ discounted Plaintiff's testimony for several reasons, including reports of Plaintiff exaggerating symptoms, the effectiveness of medication in alleviating her pain,

---

[3] *See also* R. at 443 ("Are migraines generally controlled with medication?" "Yes.").

Plaintiff's activities of daily living, and the overall lack of objective medical evidence to support her complaints. R. at 24-27; 182-86 (indicating Plaintiff watches television, sews, attends church twice per week, shops for groceries, and prepares her own meals); 322, 360 (noting "[n]ormal range of motion"; "no . . . movement disorder"; and "normal muscle tone"); 459 (reporting steroid injections relieved pain associated with Plaintiff's plantar fasciitis "significantly"); 475 (indicating Plaintiff had "good range of motion of the wrist" with "X-rays demonstrat[ing] the hardware [put in place during wrist surgery] to be in very good alignment" and that "[t]he fracture did heal in good alignment"); 482 (doctor's notes indicating Plaintiff "was very emotional in front of people that she thought would feel sorry for her but would be happy and smiling in front of [other staff]" and "would contradict herself in her stories to both CSS and doctor . . ."); 588 (noting Plaintiff "cried in a dramatic fashion, some of which did not appear genuine"). This evidence is sufficient to support the ALJ's decision to discount Plaintiff's credibility.

Because the ALJ's credibility determination was supported by good reasons and record evidence, the Court will defer to his evaluation of Plaintiff's subjective complaints. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) ("We defer to the ALJ's evaluation of [a plaintiff's] credibility provided that this determination is supported by good reasons and substantial evidence.") (internal quotations omitted).

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  August 11, 2017            /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT